IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRUCE LEROY TAYLOR,<br><br>Taylor,<br><br>vs.<br><br>BUTTE-SILVERBOW COUNTY JAIL and CASCADE COUNTY DETENTION CENTER,<br><br>Defendants. | CV-21-84-BU-BMM<br><br><br>ORDER |

Taylor Bruce Leroy Taylor ("Taylor") has filed a Complaint alleging constitutional violations. (Doc. 2). Taylor's Complaint fails to state a claim, but by order of January 3, 2022, the Court provided him the opportunity to amend. He has failed to do so. The Complaint will be dismissed.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

1

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Taylor has failed to file his amended Complaint within the requisite timeframe or otherwise move this litigation forward. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Taylor refuses to comply with the Court's orders. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447,

1452-53 (9th Cir. 1994). This factor is neutral, since at this point, no Defendants have appeared.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Taylor has failed to comply with the Court's order to amend his Complaint, and therefore, this litigation cannot even take its first step. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other factors favoring dismissal, the weight of this factor is slight. In addition, since this Court has already determined that Taylor's Complaint fails to state a claim, this factor leans toward dismissal.

Therefore, the Court enters the following:

## ORDER

1. Taylor's Complaint (Doc. 1) is DISMISSED for failure to state a cognizable federal claim. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Taylor's filing

of this action counts as one strike against him.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 28th day of February, 2022.

/s/ Brian Morris
_____
Brian Morris, Chief District Judge
United States District Court